**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2114-15T4

MAXINE WAGNER,

   Petitioner-Appellant,

v.

BOARD OF TRUSTEES, PUBLIC
EMPLOYEES' RETIREMENT
SYSTEM,

   Respondent-Respondent.

_____

   Argued October 16, 2017 — Decided December 1, 2017

   Before Judges Messano, Accurso, and Vernoia.

   On appeal from the Board of Trustees, Public
   Employees' Retirement System, PERS No. 853260.

   Samuel M. Gaylord argued the cause for
   appellant (Gaylord Popp, LLC, attorneys; Mr.
   Gaylord, on the brief).

   Christina Levecchia, Deputy Attorney General,
   argued the cause for respondent (Christopher
   S. Porrino, Attorney General, attorney;
   Melissa H. Raksa, Assistant Attorney General,
   of counsel; Ms. Levecchia, on the brief).

PER CURIAM

Maxine Wagner appeals from a final determination of the Board of Trustees, Public Employees' Retirement System (the Board), denying her application for accidental and ordinary disability retirement benefits. We discern the following facts from the record.

Wagner was employed as a "charge nurse" at Trenton Psychiatric Hospital, where she supervised about thirty patients, distributed medication, and was required to lift, move and position patients as needed. In September 1994, Wagner was injured and knocked unconscious when she was hit in the head by a medication cart. Thereafter, she experienced impaired memory and word retrieval. In 1995, Wagner was discharged from Trenton Psychiatric for being a "no call, no show" employee for five days.

Two years later, Wagner began working part-time as a psychiatric nurse at Capital Health System-Fuld campus, where she oversaw fewer patients in a less strenuous environment. She worked there until 2012.

In May 2006, Wagner applied for accidental disability retirement benefits, claiming disability from the 1994 incident. In July 2010, the Board denied her application. She appealed and the matter was transferred to the Office of Administrative Law.

At the hearings on the matter, an Administrative Law Judge (ALJ) heard testimony from competing experts: Dr. Stephanus

A-2114-15T4

Busono, a Board-certified neurologist, for petitioner; and Dr. Thomas Bills, a Board-certified orthopedic surgeon, and Dr. Jonas Gopez, a Board-certified neurosurgeon, for the Board. Dr. Busono found Wagner suffered from various brain and spinal injuries stemming from the 1994 incident and was incapable of resuming employment with duties comparable to a charge nurse at Trenton Psychiatric. Dr. Bills testified Wagner had degenerative disc disease, which was aggravated in 1994, but Wagner was capable of performing the duties of a charge nurse with only limited exceptions. Dr. Gopez did not find Wagner totally and permanently disabled and noted her employment at Capital Health, as he doubted a "medical institution would hire someone that they didn't think had the mental capacity to treat patients."

The ALJ recommended the Board deny Wagner accidental and ordinary disability retirement benefits. The ALJ accepted the conclusions of Dr. Bills and Dr. Gopez that "the petitioner was not permanently and totally disabled[,]" and emphasized "petitioner was disabled temporarily in 1994 after the incident; however, after treatment she returned to work as a registered nurse, and maintained that position until 2012. Her job duties [at Capital Health] were not so dissimilar from the position . . . at [Trenton Psychiatric] so that it could be said she was not capable of working as a registered nurse." The Board adopted

the ALJ's recommendation and this appeal followed. During the pendency of this appeal, the Board twice reconsidered Wagner's application, and twice affirmed its decision.

Appellant provided the following arguments for our consideration.

POINT I

THE BOARD[']S DECISION UPHOLDING [THE ALJ'S] OPINION IS ARBITRARY, CAPRICIOUS, AND UNREASONABLE AS A REVIEW OF THE RECORD REVEALS THE JUDGE'S FINDINGS TO BE MISTAKEN AND LACKING FAIR SUPPORT IN THE RECORD ALLOWING THIS COURT TO REVERSE ITS DECISION AND GRANT PETITIONER AN ORDINARY DISABILITY PENSION.

POINT II

MS. WAGNER HAS SUSTAINED HER BURDEN OF PROOF AND ESTABLISHED THAT SHE IS PERMANENTLY AND TOTALLY DISABLED FROM PERFORMING HER REGULAR AND ASSIGNED DUTIES.

We have considered these arguments and affirm.

Our review from a final decision of an administrative agency is limited. Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (citing In re Herrmann, 192 N.J. 19, 27 (2007)). The agency's decision should be upheld unless there is a "'clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Ibid. (quoting Herrmann, supra, 192 N.J. at 27-28). We accord deference to the credibility determinations of the ALJ, who had the

opportunity to hear the testimony of the witnesses and consider the exhibits, Clowes v. Terminix Int'l, Inc., 109 N.J. 575, 587 (1988), and we may not "engage in an independent assessment of the evidence as if [we] were the court of first instance." In re Taylor, 158 N.J. 644, 656 (1999) (quoting State v. Locurto, 157 N.J. 463, 471 (1999)). However, we are not bound by the agency's statutory interpretation or other legal determinations. Russo, supra, 206 N.J. at 27.

To qualify for ordinary disability retirement benefits under N.J.S.A. 43:15A-42, a public employee must demonstrate he or she is "physically or mentally incapacitated for the performance of duty and should be retired." The petitioner bears the burden of proving permanent and total disability from performing their normal employment duties. Bueno v. Bd. of Trs., Teachers' Pension & Annuity Fund, 404 N.J. Super. 119, 126 (App. Div. 2008), certif. denied, 199 N.J. 540 (2009). Our courts have adopted an intermediate test, whereby a petitioner need not prove they are "generally unemployable" or "disabled from performing the specific functions for which [they were] hired[,]" Getty v. Prison Officers' Pension Fund, 85 N.J. Super. 383, 390 (App. Div. 1964), but rather, "[t]he criterion is whether or not [the petitioner] is employable in the general area of [their] ordinary employment." Skulski v.

Nolan, 68 N.J. 197, 205-06 (1975) (quoting Getty, supra, 85 N.J. Super. at 390).

We applied the Skulski standard in Bueno, which involved a claim for ordinary disability retirement benefits. Bueno, supra, 404 N.J. Super. at 122. Bueno, a teacher, suffered an "adjustment disorder" from various conditions specific to the school where she was employed for several years. Id. at 123-24. As a result, Bueno retired and applied for ordinary disability retirement benefits. Id. at 122. The Board denied her application, concluding she was capable of teaching in a different school with a more supportive environment. Id. at 124. We affirmed the Board's decision because Ms. Bueno "failed to . . . prove that she was disabled from teaching for other employers." Id. at 131. We held, "where a public employer has no other work for a public employee disabled from performing his or her assigned job duties, such an employee must at a minimum prove an 'incapacity to perform duties in the general area of his ordinary employment' for other employers and may even be required to prove 'inability to perform substantially different duties or . . . produce evidence of general physical [or mental] unemployability.'" Ibid. (quoting Skulski, supra, 68 N.J. at 206).

Applying Skulski and Bueno, and guided by our limited scope of review, we discern no error in the Board's decision. The ALJ

6

weighed the expert testimony and concluded Dr. Bills' and Dr. Gopez's opinions regarding petitioner's condition and ability to work as a nurse were more persuasive than those presented by Dr. Busono. The Board agreed with the ALJ's findings on these points. Petitioner bore the burden of proving by a preponderance of the credible evidence that she is "physically or mentally incapacitated for the performance of duty and should be retired." However, as noted by the ALJ, the evidence demonstrates Wagner was "employable in the general area of [her] ordinary employment," registered nursing, Skulski, 68 N.J. at 205-06 (quoting Getty, supra, 85 N.J. Super. at 390), and was so employed for over a decade after leaving Trenton Psychiatric. Because the Board's determination was amply supported by credible evidence and is neither arbitrary, capricious, nor unreasonable, we affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2114-15T4